JUDGE GARDEPHE

13 CIV 9005

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x
                                       :

FIREMAN'S FUND INSURANCE COMPANY     :

               Plaintiff,               :        13 Civ. _____

                                         :

            vs.                      :        **NOTICE OF REMOVAL**

                                         :        (28 U.S.C. § 1446)

EVEREST REINSURANCE COMPANY        :

                                         :

            Defendant.              :

————————————————————————— x

RECEIVED
DEC 19 2013
U.S.D.C. S.D. N.Y.
CASHIERS

        Defendant Everest Reinsurance Company ("Everest"), by and through its counsel, states as follows:

        1.        Everest is a Defendant in a civil action brought by Plaintiff Fireman's Fund Insurance Company ("Fireman's Fund") in the Supreme Court of the State of New York for the County of New York. On November 8, 2013, Plaintiff filed a Summons and Complaint. A true copy of the Summons and Complaint is annexed as Exhibit A. On November 21, 2013, Defendant, by its Vice President and Associate General Counsel, Kevin Helewa, accepted service of the Summons and Complaint by electronic mail in accordance with the terms of the stipulation annexed as Exhibit B. On December 9, 2013, Daniel Hargraves, the undersigned, filed a Notice of Appearance on behalf of Everest. A true copy of the Notice of Appearance is annexed as Exhibit C. Pursuant to the provisions of Sections 1441 and 1446 of Title 28 of the United States Code, Defendant removes this action to the United States District Court for the Southern District of New York.

        2.        The District Courts of the United States have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. See 28 U.S.C. § 1332.

3.      In its Complaint, Fireman's Fund purports to allege a claim against Everest for breach of a contract of facultative reinsurance. Fireman's Fund alleges that, as a result of Everest's purported breach, Fireman's Fund has been damaged in an amount to be determined at trial but not less than $2,431,175.20.

4.      The grounds for removal of this action are:

      a.      On November 21, 2013, Fireman's Fund served Everest with its Summons and Complaint in the Supreme Court of the State of New York for the County of New York in the action titled <u>Fireman's Fund Insurance Company v. Everest Reinsurance Company</u>, Index No. 653911/2013;

      b.      There is complete diversity of citizenship between Fireman's Fund and Everest because:

         i.      Fireman's Fund is a corporation duly organized and existing under the laws of the State of California with its principal place of business located at 777 San Marin Drive, Novato, California 94998; and

        ii.      Everest is a corporation organized under the laws of the State of Delaware with its principal place of business located at 477 Martinsville Road, Liberty Corner, New Jersey 07938.

      c.      More than $75,000, exclusive of interest and costs, is in controversy in this action.

5.      This Court would have had original jurisdiction of this action under the provisions of 28 U.S.C. § 1332 if the action had originally been brought in this Court. Removal is therefore proper under 28 U.S.C. § 1441(a).

6.      Removal of this case on the basis of diversity of citizenship is not precluded by the provisions of Section 1441(b) of Title 28 of the United States Code because neither of the Defendants are citizens of the State of New York, the State in which this action was brought.

7.      This Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code because the Summons and Complaint in this action were served on November 21, 2013, and this Notice of Removal has been filed within 30 days of service. This Notice of Removal is also being filed within one year of the commencement of this action.

8.      Pursuant to the provisions of 28 U.S.C. 1446(a), Defendant files contemporaneously, as attached Exhibits A, B, and C, respectively, a copy of all process and pleadings served in this action and on file in this case in the Supreme Court of the State of New York for the County of New York.

9.      Under the provisions of 28 U.S.C. §§ 1441 et seq., the right exists to remove this action from the Supreme Court of the State of New York, for the County of New York, to the United States District Court for the Southern District of New York because this Court embraces the place where the action is pending.

10.      The Defendant is represented by the undersigned counsel and has consented to the removal of this action to the United States District Court for the Southern District of New York.

11.      Written notice of this Notice of Removal will be given to all adverse parties as required by law.

12.      A true and correct copy of this Notice of Removal will be filed with the Supreme Court of the State of New York for the County of New York as required by law.

**WHEREFORE,** Defendant Everest Reinsurance Company respectfully requests that this case be removed to this Court, that this Court accept jurisdiction of this action and

3

henceforth that this action be placed on the docket of this Court for further proceedings, the same

as though this case had originally been instituted in this Court.

Dated: New York, New York
December 19, 2013

HARGRAVES MCCONNELL & COSTIGAN, P.C.

_____
Daniel Hargraves, Esq. (DH-3698)
John McConnell, Esq. (JM-0752)
230 Park Avenue
New York, New York 10169
(212) 218-8767

*Attorneys for Everest Reinsurance Company*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

FIREMAN'S FUND INSURANCE COMPANY

        Plaintiff,

    vs.

EVEREST REINSURANCE COMPANY

        Defendant.

Index No.
Date Index No. Purchased: 11/8/2013

**SUMMONS**

Plaintiff designates New York
County as the place of trial.

The basis of venue is pursuant to
CPLR § 509

**TO THE ABOVE-NAMED DEFENDANT:**

    Everest Reinsurance Company
    477 Martinsville Road, P.O. Box 830
    Liberty Corner, NJ 07938

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or, if the complaint was not served with this summons, to serve a notice of

appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons,

exclusive of the day of service (or within thirty (30) days after the service is complete if this

summons is not personally delivered to you within the State of New York); and in the case of

your failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the complaint.


Dated: New York, New York
       November 8, 2013


                CHAFFETZ LINDSEY LLP

                By: /s/   Charles J. Scibetta
                  Charles J. Scibetta
                  Karen Baswell
                505 Fifth Ave., 4th Floor
                New York, NY 10017
                (212) 257-6960
                *Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

FIREMAN'S FUND INSURANCE COMPANY

                  Plaintiff,
        vs.                                    Index No.:

EVEREST REINSURANCE COMPANY                    **COMPLAINT**

                  Defendant.

Plaintiff Fireman's Fund Insurance Company ("FFIC"), by and through its attorneys,

Chaffetz Lindsey LLP, brings this Complaint against Everest Reinsurance Company ("Everest"),

and alleges the following upon information and belief:

## INTRODUCTION TO THE DISPUTE

1.      This action seeks damages and other relief in connection with Everest's failure to

honor its contractual obligations to make reinsurance payments under a facultative reinsurance

agreement.

2.      Everest Re is the successor-in-interest to Prudential Reinsurance Company

("Prudential Re"), which issued the facultative reinsurance agreement discussed below to FFIC.

In the subsequent allegations of this Complaint, and as dictated by the context of each allegation,

references to "Everest" shall refer either to Everest or to Prudential Re, individually or

collectively.

3.      Under the facultative reinsurance agreement, Everest agreed to indemnify FFIC

for losses and expenses paid by FFIC pursuant to an insurance policy that FFIC issued to

ASARCO Incorporated ("ASARCO").

4.      Although FFIC paid premiums to Everest for coverage under this reinsurance agreement, and despite the fact that the reinsurance agreement gives rise to legally binding contractual obligations, Everest refuses to pay what is due and owing under the agreement.

5.      FFIC brings this action for breach of contract in order to recover the damages and other relief to which it is entitled.

## THE PARTIES, JURISDICTION, AND VENUE

6.      FFIC is a corporation duly organized and existing under the laws of the State of California with its principal place of business located at 777 San Marin Drive, Novato, CA 94998. At all relevant times hereto, FFIC was and is licensed to do business in the State of New York.

7.      On information and belief, Everest is a corporation organized under the laws of Delaware with its principal place of business located at 477 Martinsville Road, Liberty Corner, New Jersey.  Everest is the successor in interest to Prudential Re.

8.      This Court has jurisdiction over this case pursuant to N.Y. Civ. Prac. L & R ("CPLR") §§ 301 and 302(a); Everest is licensed to do business in the State of New York, and continuously and systematically conducts business in the State of New York; and the reinsurance agreement at issue was entered into in New York.

9.      Venue is proper in this Court pursuant to CPLR §509 because Plaintiff has designated New York County.

## BACKGROUND

10.     Under a contract of reinsurance, an insurer transfers to a reinsurer some or all of the risk that the insurer has assumed under one or more insurance policies.  The reinsurer is paid a premium in accordance with the terms of the reinsurance agreement.  The original insurer is known as the "cedant," "cedent," or "ceding insurer" because the insurer is said to "cede" risk and

- 2 -

premium to the reinsurer. In this case, FFIC, as cedant, ceded certain risks discussed below to Everest, as reinsurer.

11.     The reinsurance that Everest provided to FFIC is called "facultative reinsurance." Under a contract of facultative reinsurance, the reinsurer agrees to cover the cedant for losses under a specifically-identified policy or risk. (Facultative reinsurance can be contrasted with other kinds of reinsurance that cover losses across a wider portfolio of policies, rather than on a single-risk basis.)

### A.     The Relevant Insurance and Reinsurance Agreements

12.     FFIC issued to ASARCO an excess umbrella liability policy, No. XLX1534774, effective March 15, 1983 to March 15, 1984 (the "ASARCO Policy").

13.     Prudential Re reinsured the ASARCO Policy through Facultative Casualty Reinsurance Certificate No. RFCKK 1741, effective March 15, 1983 to March 15, 1984 (the "Facultative Certificate"). A copy of the Facultative Certificate is attached hereto as Exhibit 1.

14.     Everest is the successor in interest to Prudential Re.

15.     The Facultative Certificate provides that the "liability of PRUDENTIAL REINSURANCE . . . shall follow that of the Company [FFIC]" and that "[a]ll claims covered by this reinsurance, when settled by the Company, shall be binding on PRUDENTIAL REINSURANCE which shall be bound to pay its proportion of such settlements."

### B.     The Underlying ASARCO Claims

16.     Through a Complaint filed in the 105th Judicial District Court of Nueces County Texas on May 21, 2001, Cause No. 01-2680-D, ASARCO LLC, et al. v. Fireman's Fund Insurance Company, et al., ASARCO sought coverage from its insurers, including FFIC, for claims asserted against ASARCO by claimants who alleged personal injury caused by exposure

- 3 -

to asbestos or materials containing asbestos from products manufactured, sold, or distributed by ASARCO.

17.     On August 9, 2005, ASARCO filed a petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

18.     On November 13, 2009, the United States District Court for the Southern District of Texas confirmed the plan of reorganization recommended by the Bankruptcy Court, which, *inter alia*, created the ASARCO Section 524(g) Trust (the "Trust"), which assumed responsibility and liability for all of ASARCO's current and future asbestos claims and demands, including the rights to recover insurance proceeds from insurance policies issued to ASARCO.

19.     After negotiations between the Trust and FFIC, FFIC reached a settlement with the Trust, dated as of June 24, 2011 (the "ASARCO Settlement Agreement").

20.     In accordance with the terms of the ASARCO Settlement Agreement, FFIC has made substantial payments to the Trust in settlement of claims made against the ASARCO Policy.

### C.     The Reinsurance Billings

21.     FFIC seeks reinsurance coverage from Everest for Everest's share of the payments that FFIC made to the Trust pursuant to the ASARCO Settlement Agreement.

22.     Under the Facultative Certificate, Everest's share of the payments made to the Trust is $2,431,175.70.

23.     FFIC has provided Everest with proof of loss and billings showing Everest's share of the payments under the Facultative Certificate.

- 4 -

24.     In violation of the Facultative Certificate, Everest has failed to promptly pay FFIC for Everest's share of the loss, in the amount of $2,431,175.70.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

25.     Plaintiffs repeat and incorporate by reference the allegations set forth in paragraphs 1 to 24 above as though fully set forth herein.

26.     The Facultative Certificate creates binding and enforceable contractual obligations.

27.     FFIC has paid all premiums due and satisfied all other obligations and conditions under the Facultative Certificate.

28.     Through the end of October 2013, FFIC has paid losses and incurred expenses covered under the terms of the Facultative Certificate, and FFIC has provided Everest with a definitive statement of such losses and expenses.

29.     In violation of the Facultative Certificate, Everest has failed to promptly pay the loss portion of FFIC's billings.

30.     As a result of Everest's breach of the Facultative Certificate, FFIC has suffered and continues to suffer damages in an amount to be proven at trial, but no less than $2,431,175.70, plus interest.

### PRAYER FOR RELIEF

**WHEREFORE,** FFIC  respectfully requests that the Court enter judgment in its favor and against Everest as follows:

1.      A judgment that Everest has breached the Facultative Certificate;

2.      An award of money damages plus statutory interest with respect to the unpaid loss portion of FFIC's outstanding billings;

3.      Reasonable costs and fees incurred in bringing this action; and

4.      Such other relief as the Court deems just and proper.

Dated: New York, New York
       November 8, 2013

                                        CHAFFETZ LINDSEY LLP

                                        By:  /s/   Charles J. Scibetta
                                             Charles J. Scibetta
                                             Karen C. Baswell
                                             505 Fifth Ave., 4th Floor
                                             New York, NY 10017
                                             (212) 257-6960

                                             *Attorneys for Plaintiff Fireman's Fund
                                             Insurance Company*

- 6 -

# EXHIBIT 1

User: BNEIDICH        Page 1 of 2

# PRUDENTIAL REINSURANCE

*Coverage # 140947*

## Prudential Reinsurance Company *#12*

a subsidiary of The Prudential Insurance Company of America

home office: 213 Washington Street, Newark, New Jersey 07101
(A Stock Company, herein called Prudential Reinsurance)

**FACULTATIVE CASUALTY REINSURANCE**

Certificate No. RFCKK **1741**

Prior Certificate No.

**NEW**

*Ch Ref # 230 4288*

Does hereby reinsure:                **Firemans Fund N.Y.   (G.L. Hodson)**

(Name and address of Ceding Company)

(Herein called the COMPANY) in respect to the COMPANY's policy hereinafter described in consideration of the payment of the premium, and subject to the terms, conditions and amount of liability set forth herein as follows:

NAME AND ADDRESS OF INSURED. _____ **Abance Incorporated** _____

REINSURANCE PERIOD: FROM **3/15/83** TO **3/15/84** COMPANY'S POLICY NO. **XLX1534774**

COVERAGE: **Excess Umbrella Liability**

LOCATION OF RISK: **New York, New York**

SECTION A – COMPANY'S POLICY LIMITS: **$20,000,000 excess of $75,000,000 each occurrence & aggregate (Where Applicable) excess of Underlying Insurance or SIR.**

SECTION B – COMPANY'S RETENTION: **$5,000,000 p/o $20,000,000 excess $75,000,000 each occurrence & aggregate.**

SECTION C – REINSURANCE ACCEPTED: **$6,000,000 p/o $20,000,000 excess $75,000,000 each occurrence & aggregate.**

| ESTIMATED EXPOSURE | ORIGINAL RATE | GROSS REINS. PREMIUM | NET REINS. PREMIUM |
|---|---|---|---|
|  |  | **$9,000.00** |  |
|  |  | LESS CEDING COSTS | NET ANNUAL M.P. |
|  |  | **27.5** % |  |

|  | INSTALLMENT PREMIUMS | |
|---|---|---|
| ☐ ADJUSTABLE PREMIUM | DUE DATE | AMOUNT DUE |
| ADJUSTMENT PERIOD: _____ | **3/15/83** | **$9,000.00** |
| ☐ NON-ADJUSTABLE PREMIUM |  |  |
|  | TOTAL PREMIUM | **$9,000.00** |

COUNTERSIGNED AT **New York, New York**        DATE **June 16, 1983**

PRUDENTIAL REINSURANCE COMPANY

BY: _____
Authorized Signature

**SAM/rw**

PR 2  (RFCKK) Ed 3/77

Printed in U.S.A.

1. The Company warrants to retain ,or its own account, subject to Treaty Reinsurance, the amount of liability specified in Section B and the liability of PRUDENTIAL REINSURANCE specified in Section C shall follow that of the Company and, except as otherwise provided by this Certificate, shall be subject in all respects to all the terms and conditions of the Company's policy except such as may purport to create a direct obligation of PRUDENTIAL REINSURANCE to the original insured or anyone other than the Company.

2. The Company shall furnish PRUDENTIAL REINSURANCE with a copy of its policy and all endorsements thereto and agrees to notify PRUDENTIAL REINSURANCE promptly of all changes which in any manner affect this reinsurance, and shall make available for inspection and place at the disposal of PRUDENTIAL REINSURANCE at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

3. Prompt notice shall be given by the Company to PRUDENTIAL REINSURANCE of any occurrence or accident which, without regard to liability, appears likely to involve this reinsurance and while PRUDENTIAL REINSURANCE does not undertake to investigate or defend claims or suits it shall nevertheless have the right and be given the opportunity to associate with the Company and its representative at PRUDENTIAL REINSURANCE's own expense in the defense and control of any claim, suit or proceeding which may involve this reinsurance with the full cooperation of the Company.

4. All claims covered by this reinsurance, when settled by the Company, shall be binding on PRUDENTIAL REINSURANCE which shall be bound to pay its proportion of such settlements. In addition, PRUDENTIAL REINSURANCE shall pay its proportion of expense (other than Company salaries and office expenses) incurred by the Company in the investigation and settlement of claims or suits as follows:

   (a) With respect to reinsurance provided on an excess of loss basis, in the ratio that PRUDENTIAL REINSURANCE's loss payment bears to the Company's gross loss payment.

   (b) With respect to reinsurance provided on a pro rata (or quota share) basis, in the ratio that PRUDENTIAL REINSURANCE's limit of liability bears to the Company's gross limit of liability.

   PRUDENTIAL REINSURANCE will also pay its proportion of court costs and interest on any judgment or award, such proportion to be on the same basis as set forth in (a) and (b) above, provided PRUDENTIAL REINSURANCE has given prior consent to such trial proceedings.

5. PRUDENTIAL REINSURANCE's agreement to promptly pay its proportion of loss and expense incurred by the Company is predicated upon receipt by it of a satisfactory proof of such loss and expense from the Company.

6. PRUDENTIAL REINSURANCE will be paid or credited by the Company with its proportion of salvages, i.e., reimbursement obtained or recovery made by the Company, less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on an excess of loss basis, salvage shall be applied in the inverse order in which liability attaches, as if recovery preceded any claim settlement.

7. If any taxes are payable on the premiums ceded hereunder, they shall be paid by the Company.

8. If the reinsurance hereunder attached prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

9. In the event of the insolvency of the Company, reinsurance under this Certificate shall be payable by PRUDENTIAL REINSURANCE on the basis of the liability of the Company without diminution because of such insolvency, directly to the Company or its liquidator, receiver, or statutory successor, except as otherwise provided by law. PRUDENTIAL REINSURANCE shall be given written notice of the pendency of each claim which may involve the reinsurance afforded by this Certificate within a reasonable time after such claim is filed in the insolvency proceeding. It shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where the claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver, or statutory successor. The expense thus incurred by PRUDENTIAL REINSURANCE shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by PRUDENTIAL REINSURANCE.

10. Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate. This Certificate may also be cancelled on a pro rata basis by either PRUDENTIAL REINSURANCE or the Company mailing or delivering to the other party written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective.

11. The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of PRUDENTIAL REINSURANCE.

   In witness whereof, Prudential Reinsurance Company has caused this Reinsurance Certificate to be signed by its President and Secretary at Newark, New Jersey, but this Certificate shall not be valid unless countersigned by a duly authorized representative of Prudential Reinsurance Company.

_David N. Fredericks_
Secretary

_J. T. Kirmland_
President

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

FIREMAN'S FUND INSURANCE COMPANY

            Plaintiff,

   vs.

EVEREST REINSURANCE COMPANY

            Defendant.

Index No.: 653911/2013

**AFFIRMATION OF SERVICE OF SUMMONS AND COMPLAINT**

KAREN C. BASWELL, Esq. affirms the following under penalty of perjury:

1. I am not a party to this action and I am over 18 years of age. I am an attorney admitted to practice before this Court.

2. On November 21, 2013, I caused true and correct copies of the SUMMONS AND COMPLAINT in this matter, along with the NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING, to be served on Everest Reinsurance Company via direct electronic mail to:

   Kevin Helewa
   Everest Reinsurance Co.
   477 Martinsville Road, P.O. Box 830
   Liberty Corner, NJ 07938
   kevin.helewa@everestre.com

3. Mr. Helewa is known to me to be in-house counsel for Everest Reinsurance Company, and is known to me to be authorized to accept service thereof.

4. Mr. Helewa agreed to accept service of these documents via electronic mail.

Dated:    November 22, 2013
           New York, New York

By: _____
           Karen C. Baswell

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
————————————————————————x
                         :
FIREMAN'S FUND INSURANCE COMPANY,  :
                          :
         Plaintiff,          :        Index No. 653911/2013
                          :
      vs.                :        **STIPULATION**
                          :
EVEREST REINSURANCE COMPANY,     :
                          :
         Defendant.       :
————————————————————————x

The parties, by their undersigned counsel, hereby stipulate as follows:

1.      Defendant Everest Reinsurance Company ("Everest") acknowledges and accepts service of the summons and complaint, as of November 21, 2013, and waives any defense alleging insufficiency of service of process; and

2.      Everest's time to respond to the summons and complaint is extended through December 31, 2013.

Dated: New York, New York
       December 9, 2013

_____
Karen C. Baswell, Esq.
CHAFFETZ LINDSEY, LLP
505 Fifth Avenue, 4th Floor
New York, New York 10017
(212) 257-6967

_Attorneys for Plaintiff_
_Fireman's Fund Insurance Company_

_____
Daniel Hargraves, Esq.
HARGRAVES, MCCONNELL, &
COSTIGAN, P.C.
230 Park Avenue
New York, New York 10169
(212) 218-8760

_Attorneys for Defendant_
_Everest Reinsurance Company_

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

———————————————————— x
                                :

FIREMAN'S FUND INSURANCE COMPANY,   :
                                :

           Plaintiff,       :    Index No. 653911/2013
                                :

      vs.                 :    **NOTICE OF APPEARANCE**
                                :

EVEREST REINSURANCE COMPANY,     :
                                :

           Defendant.     :
———————————————————— x

        PLEASE TAKE NOTICE THAT the undersigned hereby appears as counsel for

the defendant, Everest Reinsurance Company ("Everest"), in the above captioned action. Please

serve all notices and other papers in this action upon counsel at the address stated below.

Dated: New York, New York
       December 9, 2013

                         By: _____
                               Daniel Hargraves
                               John P. McConnell

                    HARGRAVES, McCONNELL, & COSTIGAN, P.C.
                    The Helmsley Building
                    230 Park Ave, Suite 630
                    New York, New York 10169

                    *Attorneys for Defendant Everest Reinsurance Company*

TO:    CHAFFETZ LINDSEY, LLP
       Karen C. Baswell, Esq.
       505 Fifth Avenue, 4th Floor
       New York, New York 10017
       (212) 257-6967

       *Attorneys for Plaintiff Fireman's*
       *Fund Insurance Company*